No. 2471.—STATE, ex rel. S. N. BURBANK, Treasurer Metropolitan Police Board, *v.* ANTOINE DUBUCLET, State Treasurer.

Where the Board of Metropolitan Police has taken an appeal from a judgment rendered in an action commenced by their treasurer, a motion by the latter to dismiss the appeal will not be listened to.

In an action thus commenced by the treasurer, the board has a right to intervene for the purpose of showing that the action was commenced without its approval, or in contravention of its orders.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. J. Hawkins* and *J. B. Howard,* for plaintiff and appellee. *A. Voorhies,* for defendant and appellee. *E. Filleul,* for Board of Metropolitan Police, appellant.

HOWE, J. The Board of Metropolitan Police have appealed from a judgment rendered herein in favor of relator, their treasurer, and against the respondent, the State Treasurer, and which directs the latter to pay over to the former the sum of $596,790 47, " on account of the amount coming to the Board of Metropolitan Police, as a part of the apportionment of the city of New Orleans, as provided by law."

The appellants complain that their treasurer, Burbank, commenced the proceedings in violation of their orders, and without authority to stand in judgment; that they sought to come into the case by intervention and show this fact, but the judge refused to permit them so to do; to which refusal they excepted. The judgment having been given as above stated, they took this appeal.

The relator, Burbank, moves to dismiss the appeal thus taken by the board, on various grounds. We do not feel inclined, in the view we have taken of the case, to consider his motion, except to say, that as financial officer of the board, he has no right, on technical grounds, to attempt to dismiss the appeal taken by his principal. He brought this suit in his representative capacity, and it would be strange indeed if he should be permitted to expel from this court the parties whom he represents.

The respondent, Dubuclet, has also moved to dismiss the appeal, on

the ground that the judgment has been acquiesced in, or executed. We find no evidence to support this allegation.

Upon the merits of the case we think the court *a qua* erred in refusing to permit the board to come in and show, as they offered to do, that the relator, Burbank, was proceeding, in violation of their wishes and orders. Whatever may be thought of the general right of intervention in a summary action, it seems a self evident proposition that where a proceeding is commenced by one who alleges that he is acting in a representative capacity, the party he claims to represent ought to be listened to when alleging that the proceeding is not only unauthorized, but contrary to a positive prohibition. For these reasons we think the cause should be remanded that the board may be heard upon the issues raised by their petition.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be proceeded with according to law, and that appellees pay the costs of appeal.

Rehearing refused.